882 P.2d 974

**STATE of Idaho, Plaintiff–Respondent, Cross–Appellant,**

v.

**William K. CHISHOLM, Defendant–Appellant, Cross–Respondent.**

No. 20477.

Court of Appeals of Idaho.

Aug. 26, 1994.

Petition for Review Denied Nov. 3, 1994.

May & May Law Offices, Twin Falls, for appellant. Thomas D. Kershaw, Jr., argued.

Larry EchoHawk, Atty. Gen. and Douglas A. Werth, *Deputy Atty. Gen.*, Boise, argued for respondent.

LANSING, Judge.

This is a criminal action stemming from the arrest of a protester who attempted to prevent the passage of a truckload of nuclear waste into the State of Idaho. The defendant was arrested for failure to obey the lawful order of a police officer after he refused to follow an Idaho State Police officer's instruction to move out of the way of the truck. In this appeal, we are asked to determine whether the magistrate properly excluded evidence offered by the defendant to establish an affirmative defense of necessity. We hold that the offered evidence was insufficient to make a prima facie showing of the defense of necessity, and therefore affirm.

## A. BACKGROUND

On the morning of October 5, 1991, William K. Chisholm and several other protesters went to the Inkom Port of Entry in Bannock County, Idaho. They had received word that a truckload of spent nuclear pellets would be passing through that point en route from a nuclear facility at Fort St. Vrain, Colorado, to a U.S. Department of Energy storage facility near Arco, Idaho. When the truck arrived, it was inspected by state officials and permitted to proceed. At that point, Chisholm and the others stood in the path of the truck in an attempt to block its movement. Chisholm's conduct was at all times peaceful and nonviolent. However, when a police officer ordered Chisholm to move, he refused. Chisholm was arrested for failure to obey the lawful order of a police officer, I.C. § 49–1419.

Prior to trial, Chisholm filed a motion seeking a determination that evidence regarding the danger posed by the transportation and storage of nuclear waste products would be admissible at trial as relevant to the defense of necessity. The prosecution made a counter-motion in limine to exclude the evidence, urging that Chisholm's proffered evidence did not make a threshold showing of the elements of the necessity defense as a matter of law, and that the evidence was therefore irrelevant. At a pretrial hearing, Chisholm made an oral offer of the proof he proposed to present to the jury relating to the necessity defense. He later submitted

an additional written offer of proof. After consideration of arguments of counsel and Chisholm's offers of proof, the magistrate granted the prosecution's motion in limine. The magistrate held that "defendant's offer of proof [is] insufficient as a matter of law to allow the defense to be considered by the jury" and, therefore, the "reasons why the defendant acted are not relevant for trial." Chisholm was found guilty following a jury trial. He appealed his conviction to the district court, which affirmed.

**B. EVIDENCE OFFERED TO ESTABLISH AN AFFIRMATIVE DEFENSE MAY BE EXCLUDED IF THE EVIDENCE IS INSUFFICIENT TO PROVE ONE OR MORE ELEMENTS OF THE DEFENSE.**

Chisholm asserts that whether evidence is sufficient to prove the elements of the necessity defense is always a question of fact which must be submitted to the jury. We disagree.

■■■ If evidence offered only to prove an affirmative defense is shown on a motion in limine to be inadequate as a matter of law to prove one of the essential elements of that defense, the proposed evidence is irrelevant. When the offered evidence, even if believed by a jury, would not make a prima facie showing of one element of an affirmative defense, there is no right to present that defense at trial. The United States Supreme Court so held in *United States v. Bailey,* 444 U.S. 394, 416, 100 S.Ct. 624, 638, 62 L.Ed.2d 575 (1980), explaining:

> The requirement of a threshold showing on the part of those who assert an affirmative defense to a crime is by no means a derogation of the importance of the jury as a judge of credibility. Nor is it based on any distrust of the jury's ability to separate fact from fiction. On the contrary, it is a testament to the importance of trial by jury and the need to husband the resources necessary for that process by limiting evidence in a trial to that directed at the elements of the crime or at affirmative defenses. If, as we here hold, an affirmative defense consists of several elements and testimony supporting one element is insufficient to sustain it even if believed,

the trial court and jury need not be burdened with testimony supporting other elements of the defense. (Citation omitted.)

In cases specifically addressing the defense of necessity, other courts are in accord. *United States v. Schoon,* 955 F.2d 1238 (9th Cir.1991), *cert. denied sub nom., Manning v. United States,* 504 U.S. 990, 112 S.Ct. 2980, 119 L.Ed.2d 598 (1992); *United States v. Seward,* 687 F.2d 1270 (10th Cir.1982), *cert. denied,* 459 U.S. 1147, 103 S.Ct. 789, 74 L.Ed.2d 995 (1983); *Commonwealth v. Berrigan,* 509 Pa. 118, 501 A.2d 226 (1985), *cert. denied,* 493 U.S. 883, 110 S.Ct. 219, 107 L.Ed.2d 173 (1989); *State v. Aver,* 109 Wash.2d 303, 745 P.2d 479 (1987); *State v. Warshow,* 138 Vt. 22, 410 A.2d 1000 (1979).

Accordingly, if the evidence presented in Chisholm's offer of proof, even if believed by the jury, would not support one or more elements of the necessity defense, the evidence was properly excluded.

**C. THE DEFENDANT'S EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO ESTABLISH A DEFENSE OF NECESSITY.**

■■■ Whether proffered evidence is sufficient to make a prima facie showing of an affirmative defense is a question of law which we freely review. We base our determination upon the record before the magistrate, notwithstanding the intermediate appeal to the district court. *State v. Kenner,* 121 Idaho 594, 597, 826 P.2d 1306, 1309 (1992).

■■■ The common law necessity defense is recognized in Idaho. This defense is based upon the premise that an illegal act should not be punished if the act was committed in order to prevent a greater harm. Our Supreme Court defined the elements of this defense in *State v. Hastings,* 118 Idaho 854, 855, 801 P.2d 563, 564 (1990), as follows:

1. A specific threat of immediate harm;

2. The circumstances which necessitate the illegal act must not have been brought about by the defendant;

3. The same objective could not have been accomplished by a less offensive alternative available to the actor.

4. The harm caused was not disproportionate to the harm avoided.

■ Chisholm made an offer of proof outlining his proposed evidence which, he contends, would have met these criteria. He proposed to present evidence through several expert witnesses to show there was a slight potential for breach of the containers on the truck, which would result in radioactive emissions; that there is a possibility that the containers in which the material is stored would deteriorate over time, allowing radioactive particles either to become airborne or to contaminate the water supply; and that such a release of radioactive materials would cause serious and far-reaching public health problems. Chisholm also offered evidence that at the time of his illegal act the State of Idaho was pursuing an action in federal court to prevent the further shipment of nuclear waste into Idaho; that Chisholm believed the shipments to be illegal; and that other possible legal alternatives attempted by himself and others through the political and judicial systems had been ineffective to prevent the movement of this material into Idaho.

■ We conclude that the magistrate correctly excluded this proposed testimony, for it does not satisfy even the first element of the necessity defense—a specific threat of immediate harm. Chisholm's offer of proof addressed both the risks involved in transporting nuclear waste aboard the truck he was attempting to stop and the risks arising from the ultimate storage of the waste in Idaho. The evidence did not indicate that either of these activities presented a specific threat of *immediate* harm. Chisholm's offer of proof indicated that one expert witness would testify that there was a "potential," characterized as "slight," of contamination resulting from the breach of nuclear containers. Another expert would testify that there was a "risk" of an accident with the truck that could break the containers and a "possibility" that some of the containers will deteriorate over time, allowing leakage of radioactive materials into the environment. This proffered evidence does not suggest a specific *threat* of immediate harm. The necessity defense is limited to prevention of harm that is reasonably perceived as an immediate danger. It may not be used to justify illegal acts taken to foreclose speculative, debatable or long-term risks. A mere possibility of harm that may occur sometime in the future is insufficient.

This point was well-stated by the Supreme Court of Vermont in *State v. Warshow, supra*, where several defendants were charged with committing trespass at a rally to prevent the reopening of a nuclear plant following a temporary shut-down. The defendants asserted the necessity defense which, under Vermont law, required a showing that the defendants had been confronted with an emergency "so imminent and compelling as to raise a reasonable expectation of harm." The court affirmed the exclusion of evidence offered by the defendants to prove necessity:

> [L]ow-level radiation and nuclear waste are not the types of imminent danger classified as an emergency sufficient to justify criminal activity. To be imminent, a danger must be, or must reasonably appear to be, threatening to occur immediately, near at hand, and impending. We do not understand the defendants to have taken the position in their offer of proof that the hazards of low-level radiation and nuclear waste buildup are immediate in nature. On the contrary, they cite long-range risks and dangers that do not presently threaten health and safety. Where the hazards are long term, the danger is not imminent, because the defendants have time to exercise options other than breaking the law.
>
> Nor does the specter of nuclear accident as presented by these defendants fulfill the imminent and compelling harm element of the defense. The offer does not take the position that they acted to prevent an impending accident. Rather, they claimed that they acted to foreclose the "chance" or "possibility" of accident. This defense cannot lightly be allowed to justify acts taken to foreclose speculative and uncertain dangers. Its application must be limited to acts directed to the prevention of harm that is reasonably certain to occur. Therefore the offer fails to satisfy the imminent danger element. The facts offered would not have established the defense.

*Warshow,* 410 A.2d at 1002 (citations omitted).

While we do not question the sincerity or the legitimacy of Chisholm's concerns about the danger presented by nuclear contamination, those concerns are not a basis to invoke the necessity defense. Because the evidence which Chisholm sought to introduce, even if believed, did not satisfy the first element of the necessity defense, the evidence was properly excluded as irrelevant.

In light of this conclusion, we need not consider whether the offered evidence supported any of the other components of the necessity defense. We observe, however, that Chisholm's act appears to have been designed more to draw public attention to the hazards associated with nuclear waste than to accomplish his asserted goal of actually preventing the transportation of this material into the State of Idaho. Moreover, his action, even if successful, would not have alleviated the risk, but would only have shifted it to another location.

The magistrate correctly granted the State's motion in limine to exclude the evidence in question. The defendant's conviction for failure to obey a lawful order of a police officer is affirmed.

WALTERS, C.J., and PERRY, J., concur.