**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41791**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 853 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 11, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ASHLEY RENEE CRUZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge. Hon. Theresa Gardunia, Magistrate.

Intermediate appellate decision of the district court affirming the magistrate court's judgment of conviction, affirmed.

Alan Trimming, Ada County Public Defender; Heidi M. Johnson, Deputy Ada County Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Ashley Renee Cruz appeals from the district court's intermediate appellate decision affirming her judgment of conviction for possession of a controlled substance, Idaho Code § 37-2732(c)(3). She asserts the trial court erred in failing to instruct the jury on the defense of necessity.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

At approximately 12:30 a.m., a vehicle was stopped for making an improper turn and failing to properly signal a lane change. Once the trooper activated his overhead lights, the driver pulled to the side of the road and stopped briefly before continuing further. The vehicle stopped again, but then continued, ultimately stopping in a parking lot. While attempting to stop the vehicle, the trooper noticed the passenger appeared to be moving items around and reaching

1

for different places in the vehicle. He testified that from his experience, these actions are often an effort to shield items from view.

Upon approaching the vehicle, the trooper identified the driver of the vehicle as Harlow Patoray and verified that a warrant was outstanding for his arrest. He identified the passenger and registered owner of the vehicle as Ashley Cruz. The trooper had Cruz step out of the vehicle and walk back toward his patrol car so he could speak with her alone. Patoray remained in the vehicle while the trooper questioned Cruz regarding her suspicious actions and the possibility of drugs being inside the vehicle.

While speaking with the trooper, Cruz denied hiding anything on her person but did admit she had marijuana in the vehicle. She later explained that upon being pulled over, she placed the marijuana in the center console. At no point during this private conversation with the trooper did Cruz claim that Patoray had threatened or forced her in any way to falsely claim ownership of the drugs.

The trooper then placed both Cruz and Patoray in the backseat of his patrol car while he searched Cruz's vehicle. During this period, the in-car audio recorder captured Cruz speaking to Patoray. At one point, she is heard saying, "I just told [my dad] yesterday that I wasn't going to drive around stoned or have weed in the car anymore, or smoke in my car anymore because he knows." At no time while Cruz and Patoray are alone in the trooper's vehicle is he heard threatening Cruz, either directly or by inference, if she does not claim ownership of the drugs. The trooper later found marijuana in the center console and cited Cruz for possession of marijuana.

Cruz pled not guilty. At trial, Cruz testified as a witness on her own behalf. During her testimony, she claimed that immediately following the traffic stop and before being approached by the trooper, Patoray threatened her to claim ownership of the marijuana because he was afraid of going to jail. She stated that the specific threat was the tone of his voice, hand motions and gestures, and the raising of his voice. She claimed that Patoray told her that his brother just got out of prison and would not be happy with her if Patoray went to jail. She further testified that both she and Patoray knew that there was a warrant for his arrest and he would be going to jail regardless of whether he was cited for possessing the marijuana or not.

At the conclusion of the evidence, the defense requested the court instruct the jury on the defense of necessity, arguing that the alleged actions and statements by Patoray rose to the level

2

of specific threats that unless Cruz took ownership of the drugs, she would be harmed. The trial judge determined that the actions Cruz described were not a specific threat of immediate harm and that she had other alternative means available to accomplish the same objective. In particular, she could have informed the trooper of Patoray's alleged threats when she was alone with him outside the sight and sound of Patoray. Finding that an instruction on the defense of necessity was not warranted by the evidence, the trial court declined the instruction. The jury found Cruz guilty of possession of a controlled substance.

Cruz appealed to the district court, asserting that the magistrate court erred when it failed to instruct the jury on the defense of necessity. The district court determined that no reasonable view of the evidence supported two elements of the necessity defense. Consequently, the district court affirmed the magistrate court. Cruz timely appeals.

## II.

## ANALYSIS

When reviewing the decision of a district court sitting in its appellate capacity, our standard of review is the same as expressed by the Idaho Supreme Court:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013) (quoting *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)). Thus, the appellate courts do not review the decision of the magistrate court. *Bailey*, 153 Idaho at 529, 284 P.3d at 973. Rather, we are procedurally bound to affirm or reverse the decisions of the district court. *State v. Korn*, 148 Idaho 413, 415 n.1, 224 P.3d 480, 482 n.1 (2009).

Cruz argues that the trial court committed error when it failed to instruct the jury on the defense of necessity. The question whether a jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993). There is no entitlement to a jury instruction on a legal

3

theory of defense when no reasonable view of the evidence supports the elements of the instruction. *See State v. Howley*, 128 Idaho 874, 879, 920 P.2d 391, 396 (1996).

The common law necessity defense is recognized in Idaho. *See State v. Chisholm*, 126 Idaho 319, 321, 882 P.2d 974, 976 (Ct. App. 1994). The necessity defense is based on the premise that "a person who is compelled to commit an illegal act in order to prevent a greater harm should not be punished for that act." *State v. Hastings*, 118 Idaho 854, 855, 801 P.2d 563, 564 (1990). The elements of the defense are: (1) a specific threat of immediate harm; (2) the circumstances which necessitate the illegal act must not have been brought about by the defendant; (3) the same objective could not have been accomplished by a less offensive alternative available to the defendant; and (4) the harm caused was not disproportionate to the harm avoided. *Id.* Idaho Criminal Jury Instruction 1512.

In affirming the trial court's decision, the district court found that "The evidence presented to the jury was too speculative as to any 'specific threat of harm' or that the same objective could not have been accomplished by a less offensive alternative available to [Cruz]." We agree.

Cruz argues that Patoray's physical size, coupled with statements that he made to her regarding his fear of going to jail, created an inference of a threat of physical violence. Cruz also testified that it was Patoray's tone of voice and the manner in which he was waving his arms and making hand gestures that made her feel threatened. Testimony at trial indicated that Patoray was six feet tall and weighed 175 pounds, while Cruz was five feet, one inch tall and weighed 110 pounds. Cruz also testified that Patoray became angry and told her that his brother just got out of prison and he would not be happy with her if Patoray went to jail. As the district court pointed out, "[h]er testimony that Mr. Patoray (non-specifically) 'threatened' her into falsely claiming that the marijuana was hers because he did not want to go to jail makes little, if any, sense because Mr. Patoray knew that he had an outstanding arrest warrant and was going to jail." Further, the mere size difference between Cruz and Patoray does not inherently create a specific threat of harm. Cruz did not identify a "specific threat" even if Patoray's size, tone, statements, and gestures made Cruz feel threatened. No evidence suggested "immediate harm." The activity between Cruz and Patoray was in the car with the trooper right behind them or otherwise proximate to the trooper. There simply was no evidence of any threat or apparent ability to carry out immediate harm. The mere possibility of harm at an indeterminate date in the future does not

amount to a specific threat of immediate harm. *Howley*, 128 Idaho at 879, 920 P.2d at 396. The district court correctly affirmed the trial court's determination that an instruction on the defense of necessity was not warranted. The evidence did not support all of the elements of the defense of necessity.

While the lack of a specific threat of immediate harm precludes the defense of necessity, we also note that the evidence was clear in this case; Cruz's objective could have been accomplished by a less offensive alternative that was available to her. During the traffic stop, the trooper had Cruz step out of the vehicle and walk back to his patrol car to have a private conversation with her while Patoray remained inside the car. At no point during the private conversation with the trooper did Cruz claim that Patoray had threatened or forced her to falsely claim ownership of the marijuana. In addition, as the district court stated, Cruz was "caught on tape joking that she was going to be in trouble with her father, since she had just promised him 'yesterday' that she was no longer going to 'drive around stoned' or 'use in my car' or 'smoke in my car.'" The record clearly indicates that alternative means were available to Cruz.

### III.

### CONCLUSION

The district court's decision affirming the magistrate's refusal to instruct the jury on the defense of necessity is affirmed. Accordingly, Cruz's judgment of conviction and sentence for possession of a controlled substance is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**