801 P.2d 563

STATE of Idaho, Plaintiff–Respondent,

v.

**Lynn Jane HASTINGS, Defendant–Appellant.**

**No. 18444.**

Supreme Court of Idaho.

Nov. 27, 1990.

Harvey Richman, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for respondent. Myrna A.I. Stahman argued.

McDEVITT, Justice.

On March 8, 1989, Coeur d'Alene police officers conducted a search of defendant's residence, where they found some ten or twelve marijuana plants growing in the basement. Hastings wished to present a

defense of medical necessity based on the fact that she suffers from rheumatoid arthritis and uses marijuana to control the pain and muscle spasms associated with this disease. The trial judge ruled that he would not instruct the jury on medical necessity, because he did not consider it a valid defense in Idaho. He did, however, invite defense counsel to make an oral offer of proof as to what would be presented at trial if the defense was allowed, and to file affidavits from experts and potential witnesses. This was done with the intention of creating a record for the appellate court to rule on whether or not the defendant would be allowed to present this evidence to a jury. Hastings then entered a conditional guilty plea, preserving her right to raise the issue of medical necessity on appeal.

We are not inclined to take this opportunity to create a special defense of medical necessity. However, we do vacate the order of the trial court and remand to allow the defendant to introduce evidence relating to the common law defense of necessity.

The basic premise behind the necessity defense is that a person who is compelled to commit an illegal act in order to prevent a greater harm should not be punished for that act.

The elements of the common law defense of necessity are:

1. A specific threat of immediate harm;
2. The circumstances which necessitate the illegal act must not have been brought about by the defendant;
3. The same objective could not have been accomplished by a less offensive alternative available to the actor;
4. The harm caused was not disproportionate to the harm avoided.

See E. Arnolds & N. Garland, *The Defense of Necessity in Criminal Law: The Right to Choose the Lesser Evil*, 65 J.Crim.Law & Criminology 289, 294 (1974); C. Kenny, *Outlines of Criminal Law*, 68–70 (1907).

*See also United States v. Moore*, 486 F.2d 1139 (D.C.Cir.1978).

Necessity as a defense has a long history. However,

[t]here are few cases dealing with necessity, probably because these cases often are not prosecuted. Because there are so few cases, the law of necessity is poorly developed in Anglo–American jurisprudence.... The English courts stated the principle of necessity as early as 1551 in *Reninger v. Fagossa*, [1 Plowd. 1, 75 Eng.Rep. 1]. "A man may break the words of the law, and yet not break the law itself ... where the words of them are broken to avoid greater inconvenience, or through necessity, or by compulsion." The case cites the New Testament example of eating sacred bread through necessity of hunger or taking another's corn. Older English cases contain many examples which recognize the general principle of necessity.

E. Arnolds & N. Garland, *The Defense of Necessity in Criminal Law: The Right to Choose the Lesser Evil*, 65 J.Crim.Law & Criminology 289, 294 (1974).

In more recent times, the defense of necessity has been recognized most often in the context of prison escapes.[1] However, the defense of necessity has also been raised in a variety of other circumstances. In *State v. Shotton*, 142 Vt. 558, 458 A.2d 1105 (1983), the defendant was allowed to raise the defense to a charge of driving under the influence because she had been assaulted and was driving herself to the hospital when she was arrested. The common law defense of necessity was also allowed in *State v. McCann*, 149 Vt. 147, 541 A.2d 75 (1987) where the defendants were engaged in a political protest and charged with disorderly conduct. Also, when a defendant was charged with speeding in *State v. Messler*, 19 Conn.App. 432, 562 A.2d 1138 (1989), he was allowed to present the defense of necessity because he claimed that he sped up to pass other cars and get back in the right hand lane in order to allow a police officer in pursuit of anoth-

---

1. *State v. Mills*, 117 Idaho 534, 789 P.2d 530 (Ct.App.1990); *State v. Urquhart*, 105 Idaho 92, 665 P.2d 1102 (Ct.App.1983), *no pet. rev. filed*;

*State v. Stuit*, 176 Mont. 84, 576 P.2d 264 (1978); *People v. Lovercamp*, 43 Cal.App.3d 823, 118 Cal.Rptr. 110 (1974).

er vehicle to get around him. And when a mother feared that her daughter was being sexually abused in her grandparents' home, she was allowed to raise the necessity defense to charges of burglary, assault and kidnapping. *State v. Boettcher*, 443 N.W.2d 1 (S.D.1989).

The common law defense of necessity is recognized in Idaho. Section 73–116 of the Idaho Code provides:

> The common law of England, so far as it is not repugnant to, or inconsistent with, the constitution or laws of the United States, in all cases not provided for in these compiled laws, is the rule of decision in all courts of this state.

*See also Industrial Indem. Co. v. Columbia Basin Steel & Iron, Inc.*, 93 Idaho 719, 471 P.2d 574 (1970); *State v. Iverson*, 79 Idaho 25, 310 P.2d 803 (1957).

Hastings entered a conditional plea of guilty under I.C.R. 11 in open court. Idaho Criminal Rule 11(a)(2) requires such a plea to be in writing with the issues to be preserved clearly set forth so that the State, the defendant, and the Court know the issues that are the condition of the entry of the plea. The plea in this case did not comply with that rule. On remand, the defendant may offer a conditional plea in the form prescribed by I.C.R. 11.

We hold that Lynn Hastings is entitled to present evidence at trial on the common law defense of necessity. It is for the trier of fact to determine whether or not she has met the elements of that defense.

BAKES, C.J., and BISTLINE, JOHNSON and BOYLE, JJ., concur.