# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 43332

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | Boise, November 2016 Term |
| | ) | |
| Plaintiff-Respondent, | ) | 2017 Opinion No. 11 |
| | ) | |
| v. | ) | Filed: February 3, 2017 |
| | ) | |
| DOUGLAS EARL MEYER, | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

_____

Appeal from the district court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

The district court's judgment of conviction is affirmed.

Eric D. Fredericksen, State Appellant Public Defender, Boise, attorneys for appellant. Brian R. Dickson argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, attorney for respondent. Jessica M. Lorello argued.

W. JONES, Justice

## I. NATURE OF THE CASE

Appellant, Douglas Earl Meyer ("Meyer"), appeals his felony conviction for possession of over three ounces of marijuana. Meyer asserts on appeal that the district court erred when it denied his request for a jury instruction on the necessity defense. Meyer is a Washington State resident who has a prescription for medical marijuana and is the designated medical marijuana provider[1] for one, Tammy Lee Rose.[2] He was arrested while driving through Idaho on his way to California with over three ounces of marijuana in his vehicle. He argues that the district court was required to provide a necessity defense jury instruction because he had made a prima facie

---

[1] In accordance with RCW 69.51A.005, medical marijuana patients in the state of Washington may identify a "designated provider" who is permitted to sell medical marijuana to them.

[2] Tammy Lee Rose lives at the same residence as Meyer. She was planning to meet Meyer in California and did not travel to Idaho with him.

1

showing of each of the elements of that defense: (1) he will suffer pain if he does not use marijuana; (2) he was not the cause of his medical condition; (3) marijuana is an effective medication for him where other medications have not been effective; and (4) any harm caused by violating the law is less than the harm that he would have suffered if he did not use marijuana. The State responds that Meyers did not make a showing of each of the elements of the necessity defense because: (1) Meyer's use of marijuana to treat chronic pain does not constitute a specific threat of harm; and (2) Meyer could have avoided violating the law altogether by driving through Oregon instead of Idaho. The State further asserts that to the extent that Idaho Supreme Court precedent set forth in *State v. Hastings*, 118 Idaho 854, 801 P.2d 563 (1990) requires a necessity instruction in this case, *Hastings* should be overturned.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On August 24, 2014, Meyer was pulled over for driving in excess of the speed limit. Police recovered an amount of marijuana in excess of three ounces as well as $2,600 in cash. The State charged Meyer with: (1) possession of a controlled substance with intent to deliver in violation of Idaho Code section 37-2732(a), and in the alternative (2) possession of marijuana in excess of three ounces in violation of Idaho Code section 37-2732(e). Each of these crimes is a felony in the state of Idaho.

On January 27, 2015, Meyer filed a motion for jury instructions. The motion contained the following necessity instruction:

INSTRUCTION NO._____

The defendant cannot be guilty [of (name of crime)] if the defendant acted because of necessity. Conduct which violates the law is justified by necessity if:

1. There is a specific threat of immediate harm to [the defendant] [name of person],

2. The defendant did not bring about the circumstances which created the threat of immediate harm,

3. The defendant could not have prevented the threatened harm by any less offensive alternative, and

4. The harm caused by violating the law was less than the threatened harm.

The state must prove beyond a reasonable doubt that the defendant did not act because of necessity. If you have a reasonable doubt on that issue, you must find the defendant not guilty.

2

On February 4, 2015, Meyer submitted an Offer of Proof to the district court. The Offer of Proof provided as follows:

1) The Defendant has a prescription for medical marijuana issued by Presto Quality Care . . . .

2) The Defendant has been designated as a Medical Marijuana Provider by the State of Washington for Tammy Lee Rose. . . . Additionally, Tammy Lee Rose will be available to confirm that Douglas Earl Meyer is her designated Medical Marijuana Provider.

3) Douglas Earl Meyer was examined by Dr. Stephen A. McLennon . . . . Dr. McLennon will be available telephonically February 6th, 2015 at 9:00 am.

4) Douglas Meyer will be available to explain to the Court his various ailments and medical issues.

A copy of Meyer's prescription for medical marijuana, his state designation as a medical marijuana provider, Dr. McLennon's curriculum vitae and evaluation, and Meyer's medical history were all submitted to the district court along with the offer of proof.

Dr. McLennon's evaluation stated as follows:

[Meyer] has decided to forgo the use of prescription pain medications, which have caused unpleasant and intolerable side effects, without adequate pain relief. He prefers a natural plant medicine that helps manage numerous symptoms, without causing additional ones.

On February 6, 2015, the district court held a hearing with respect to the jury instruction and offer of proof. The district court found that "there is no evidence proffered of a threat of immediate harm that I think is contemplated by the statute and by the cases . . . . We have someone who will undergo some discomfort for some period of time . . . I don't mean to minimize the fact that pain hurts . . . [but] there is no suggestion it puts anyone in imminent danger of life or limb." Accordingly, the district court denied Meyer's motion for a jury instruction as to the necessity defense.

On February 9, 2015, Meyer and the State entered into a stipulation to enter a conditional guilty plea. In that stipulation, Meyer agreed to plead guilty but withheld his right to withdraw that plea pending appellate review of the district court's refusal to include Meyer's proposed necessity jury instruction. In conjunction with the stipulation, Meyer pled guilty to possession of over three ounces of marijuana.

On May 28, 2015, the district court entered a judgment of conviction and commitment, convicting Meyer of felony possession of marijuana in excess of three ounces, and sentencing

him to six months fixed and two years and six months indeterminate, a suspended fine of $5,000, and restitution of $2,574.46.

Meyer appeals.

### III. ISSUE ON APPEAL

**1.**     Did the district court err by denying Meyer's proposed jury instruction on the legal defense of necessity?

### IV. STANDARD OF REVIEW

A motion for a jury instruction is judged by whether there is a reasonable view of the evidence that supports the requested instruction. *See State v. Howley*, 128 Idaho 874, 878, 920 P.2d 391, 395 (1996). This Court reviews the district court's decision for abuse of discretion. *Id.*

### V. ANALYSIS

**A.     The district court correctly concluded that no reasonable view of the evidence presented would support a necessity instruction.**

> A trial court presiding over a criminal case must instruct the jury on all matters of law necessary for the jury's information. I.C. § 19–2132. In other words, a trial court must deliver instructions on the rules of law that are "material to the determination of the defendant's guilt or innocence." *State v. Mack*, 132 Idaho 480, 483, 974 P.2d 1109, 1112 (Ct.App.1999). This necessarily includes instructions on the "nature and elements of the crime charged and the essential legal principles applicable to the evidence that has been admitted." *State v. Gain*, 140 Idaho 170, 172, 90 P.3d 920, 922 (Ct.App.2004). Each party is entitled to request the delivery of specific instructions. However, such instructions will only be given if they are "correct and pertinent." I.C. § 19–2132. A proposed instruction is not "correct and pertinent" if it is: (1) an erroneous statement of the law; (2) adequately covered by other instructions; or (3) "not supported by the facts of the case." *State v. Olsen*, 103 Idaho 278, 285, 647 P.2d 734, 741 (1982).

*State v. Severson*, 147 Idaho 694, 710–11, 215 P.3d 414, 430–31 (2009). "If the requested instruction is not supported by the evidence, the court must reject the requested instruction." *Howley*, 128 Idaho at 878, 920 P.2d at 395.

In *State v. Hastings*, 118 Idaho 854, 801 P.2d 563 (1990), this Court recognized the common law defense of necessity pursuant to Idaho Code section 73–116. The *Hastings* Court set forth Idaho's definition of the necessity defense as containing the following four elements:

1. A specific threat of immediate harm;

2. The circumstances which necessitate the illegal act must not have been brought about by the defendant;

3. The same objective could not have been accomplished by a less offensive alternative available to the actor; and

4. The harm caused was not disproportionate to the harm avoided.

*Id.* at 855, 801 P.2d at 564. It follows that in order for a court to be required to give a necessity instruction to the jury, the moving party must provide at least some factual support for each element identified in *Hastings*.

In addition to providing for necessity defenses generally, the *Hastings* Court established that it is possible for a defendant charged with manufacturing of a controlled substance (marijuana) to provide facts sufficient to warrant a necessity instruction. *Id.* at 856, 801 P.2d at 565. *Hastings* concerned the prosecution of an Idaho woman with rheumatoid arthritis who used marijuana to control pain and muscle spasms associated with the disease. *Id.* at 855, 801 P.2d at 564. The defendant requested a jury instruction on "medical necessity," which was refused by the district court. *Id.* On appeal, this Court declined to recognize a special defense for "medical necessity," but held that the district court erred in refusing to give a standard necessity instruction. *Id.* at 856, 801 P.2d at 565.

Meyer asserts on appeal that the district court abused its discretion when it concluded that there was no reasonable view of the evidence presented in this case sufficient to support a necessity instruction. As a preliminary matter, we agree with Meyer that the district court erred in its reasoning. The first element of necessity is that there must be a specific threat of immediate harm. The district court concluded that there was no reasonable interpretation of the facts that could lead a jury to find that a threat of immediate harm existed. It reasoned that "[w]e have someone who will undergo some discomfort for some period of time . . . I don't mean to minimize the fact that pain hurts . . . [but] there is no suggestion it puts anyone in imminent danger of life or limb."

This reasoning was error on the part of the district court. The necessity defense does not require a threat of harm that qualifies as "danger of life or limb." This is evident from a plain reading of this Court's language in *Hastings*, which establishes that the necessity defense requires only "a specific threat of immediate harm"; there is no severity threshold either explicitly or implicitly in our language. The fact that situations where the necessity defense has been found appropriate often have been situations involving danger to life or limb does not entail that such a magnitude of danger is requisite. Indeed, some of the examples of necessity that this Court cited in *Hastings*—disorderly conduct while engaging in a political protest and speeding to

5

allow a police officer in pursuit of another to pass—did not involve imminent danger to life or limb. 118 Idaho at 855–56, 801 P.2d at 564–65.

Despite the fact that the district court may have erred in its reasoning, the district court did not err in its conclusion. In *Hastings*, this Court established that the necessity defense is only available where "[t]he same objective could not have been accomplished by a less offensive alternative available to the actor." In this case, Meyer's objective was to avoid pain caused by his medical condition. He brought over three ounces of marijuana into Idaho, which is a felony offense. He was planning to be in Idaho for roughly eight hours.[3] Meyer did present some evidence suggesting that he had tried other medications which had not been as effective and had had negative side effects that led him to "prefer" marijuana. However, Meyer did not present evidence that there was no legal method by which he could manage his pain for the eight hours that he was in Idaho. Without a *prima facie* showing that Meyer did not have any legal alternative to manage his pain for that short period of time, including through the procurement of medications which are legal in the State of Idaho, Meyer cannot show that the district court erred in refusing to instruct the jury as to necessity.

With respect to the State's assertion that this Court should overturn its decision in *Hastings*, we decline to take such an action. This Court has established that is does not overturn precedent when a case can be resolved without conflicting with said precedent. *See Houghland Farms, Inc. v. Johnson*, 119 Idaho 72, 77, 803 P.2d 987, 983 (1990) ("We should not consider overruling a controlling precedent, if there are other grounds for disposing of an appeal."). *Hastings* was a case in which a defendant did provide facts such that a necessity instruction was supported in a marijuana case. It does not stand for the proposition that a necessity instruction is automatically warranted in all cases involving marijuana. Rather, it is within the purview of the district court to review the individual facts in each case and determine whether those facts provide a sufficient basis for each individual element of a necessity defense. Here, the facts fell short of that mark. There is no need for this Court to overrule *Hastings* in order to reach this conclusion.

## VI. CONCLUSION

---

[3] The State points out that Meyer planned to be driving for the majority of his time in Idaho. While this is concerning, the district court was correct in determining that Meyer was not charged with driving under the influence, and, accordingly, in considering the "harm" that Meyer caused, the district court properly limited its analysis to felony possession of marijuana.

We affirm the district court's judgment of conviction.

Chief Justice BURDICK, Justices EISMANN and HORTON, and Justice *pro tem* J. JONES, concur.