IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 47010

STATE OF IDAHO,

       Plaintiff-Respondent,

v.

SERRA J. FRANK, aka JENNIFER
FRANK,

       Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  September 28, 2020

Melanie Gagnepain, Clerk

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Gerald F. Schroeder, District Judge.  Hon. Michael J. Oths, Magistrate.

Judgments of conviction for possession of marijuana and possession of paraphernalia, <u>affirmed</u>.

Anthony Geddes, Ada County Chief Public Defender; Sarah E. Tompkins, Deputy Public Defender, Boise, for appellant.  Sarah E. Tompkins argued.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.  John C. McKinney argued.

_____

GRATTON, Judge

Serra J. Frank appeals from her judgments of conviction in three separate cases for possession of marijuana and possession of paraphernalia.  Frank argues that the trial court erred (1) by failing to allow Frank to present evidence of a necessity defense and provide jury instructions on the defense; and (2) by denying her motion for reconsideration.  For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In three separate cases, Frank was charged with possession of marijuana, Idaho Code § 37-2732(c)(3), and possession of paraphernalia, I.C. § 37-2734A(1).  In the first case, Frank

was a passenger in a vehicle subject to a traffic stop. A subsequent search of Frank's purse revealed the presence of marijuana and a marijuana pipe. In the second case, Frank organized a gathering at the Idaho State Capitol building called "Idaho Moms for Marijuana New Year's Smoke Out." Social media indicated that the group would smoke marijuana on the steps of the Capitol building. During the event, Frank gave a speech and then expressed her intent to smoke marijuana. She began to access a bag that contained marijuana and officers cited her with the above-listed offenses. In the third case, which occurred exactly a year after the second case, Frank again organized and participated in a political protest by "Idaho Moms for Marijuana" aimed at reforming Idaho's marijuana laws. During the protest, as occurred the year before, Frank gave a speech on the steps of the Capitol, held up a marijuana joint, and was issued citations.

At Frank's request, the cases were consolidated for trial. Prior to trial, Frank filed a motion in limine, with supporting documentation, requesting a ruling from the magistrate court that she could present evidence of her medical condition, her treatment with marijuana, and a jury instruction on the necessity defense. The magistrate court denied Frank's request to present the necessity defense to the jury. Later, Frank filed a pro se motion for reconsideration, which included additional documentation, requesting that the magistrate court reconsider its ruling regarding the necessity defense. The magistrate court denied Frank's request. Ultimately, the jury found Frank guilty of three counts of possession of marijuana and three counts of possession of paraphernalia.[1] Frank filed an appeal to the district court. On appeal, Frank argued that the magistrate court erred by (1) denying her motion to instruct the jury on the defense of necessity; (2) denying her motion to reconsider that ruling; and (3) failing to give a jury instruction on the necessity defense. After hearing argument, the district court concluded that the magistrate court did not err in denying Frank's motions. Therefore, the district court affirmed Frank's judgments of conviction. Frank timely appeals from the district court's determination.

---

[1]     In the first case, Frank was also charged with resisting and obstructing officers, Idaho Code § 18-705. However, she was acquitted of that charge at trial and it is not at issue in this appeal.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

## III.

## ANALYSIS

Frank argues that the trial court erred by failing to allow her to present evidence and instruct the jury on the necessity defense. In addition, she argues that the trial court erred by denying her motion to reconsider its ruling on her necessity defense.

There is no entitlement to a jury instruction on a legal theory of defense when no reasonable view of the evidence supports the elements of the instruction. *See State v. Howley*, 128 Idaho 874, 879, 920 P.2d 391, 396 (1996). We review the trial court's determination for an abuse of discretion. *See State v. Meyer*, 161 Idaho 631, 634, 389 P.3d 176, 179 (2017). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

A trial court presiding over a criminal case must instruct the jury on all matters of law necessary for the jury's information. I.C. § 19-2132. In other words, a trial court must deliver instructions on the rules of law that are "material to the determination of the defendant's guilt or innocence." *State v. Mack*, 132 Idaho 480, 483, 974 P.2d 1109, 1112 (Ct. App. 1999). This necessarily includes instructions on the "nature and elements of the crime charged and the essential legal principles applicable to the evidence that has been admitted." *State v. Gain*, 140

3

Idaho 170, 172, 90 P.3d 920, 922 (Ct. App. 2004). Each party is entitled to request the delivery of specific instructions. However, such instructions will only be given if they are "correct and pertinent." I.C. § 19-2132. A proposed instruction is not "correct and pertinent" if it is: (1) an erroneous statement of the law; (2) adequately covered by other instructions; or (3) "not supported by the facts of the case." *Meyer*, 161 Idaho 631, 634, 389 P.3d 176, 179. "[I]f the requested instruction is not supported by the evidence, the court must reject the requested instruction." *Howley*, 128 Idaho at 878, 920 P.2d at 395.

In *State v. Hastings*, 118 Idaho 854, 801 P.2d 563 (1990), the Idaho Supreme Court recognized the common law defense of necessity pursuant to I.C. § 73-116. The *Hastings* Court set forth Idaho's definition of the necessity defense as containing the following four elements: (1) a specific threat of immediate harm; (2) the circumstances which necessitate the illegal act must not have been brought about by the defendant; (3) the same objective could not have been accomplished by a less offensive alternative available to the actor; and (4) the harm caused was not disproportionate to the harm avoided. *Id.* at 855, 801 P.2d at 564. "It follows that in order for a court to be required to give a necessity instruction to the jury, the moving party must provide at least some factual support for each element identified in *Hastings*." *Meyer*, 161 Idaho at 635, 389 P.3d at 180.

In this case, Frank submitted evidence of her medical condition, interstitial cystitis (also referred to as I.C.), to support her motions. In support of her motion in limine, Frank submitted: (1) an affidavit from Dr. Aggarwal, a doctor who was prepared to testify about Frank's medical condition; (2) Dr. Aggarwal's responses to written questions about marijuana medical uses, interstitial cystitis, and his interview with Frank; and (3) Dr. Aggarwal's curriculum vitae. In addition to those documents, Frank submitted two supplemental documents to support her motion for reconsideration including: (1) a declaration from Dr. Aggarwal; and (2) a document titled "Defendant's *Prima Facie* Declaration of Fact."

After considering all of the evidence presented by Frank, both the magistrate court and the district court on intermediate appeal concluded that Frank failed to present prima facie evidence to support each element of the necessity defense. Specifically, the magistrate court concluded, and the district court affirmed the magistrate court's conclusion, that Frank failed to show a specific threat of immediate harm necessitated Frank's possession of marijuana. In addition, the district court concluded that Frank failed to show the same objective could not have

4

been accomplished by a less offensive alternative available to Frank. Finally, the district court concluded that, in relation to the protest cases, Frank brought about the circumstances which necessitated the illegal act.

On appeal, Frank asserts that the trial court erred when it found there was no reasonable view of the evidence presented in this case sufficient to support a necessity instruction and the district court erred in affirming that conclusion. In response, the State argues that the district court correctly affirmed the magistrate court's denial orders because Frank failed to present prima facie evidence for each element of the necessity defense.

Because the standard for both the motion in limine and motion for reconsideration required that Frank present prima facie evidence to support each element of the necessity defense, we will not analyze the evidence presented for each motion separately. Rather, we will consider all of the evidence together to determine whether the magistrate court erred in concluding that Frank failed to present prima facie evidence for each element.

## A.    Specific Threat of Immediate Harm

The first element of the necessity defense is that there must be a specific threat of immediate harm. In relation to this element, the magistrate judge explained that the "crux of this case, in [his] judgment, is in this prong." The court concluded that Frank's showing is

> directed to a general course of treatment necessary to manage her chronic pain. Her showing is the very embodiment of a medical necessity, which the Idaho Supreme Court has said is not a specific defense, and which our legislature has clearly said is illegal. The showing still does not articulate a specific threat, nor is the harm immediate. The medical report identifies cannabis as the best available approach to her treatment, but not the only one.

The district court also concluded that Frank failed to meet this element.

On appeal, Frank outlines her medical condition and argues that she presented a specific threat of immediate harm in all of the cases because she provided "extensive proof that she suffers from a chronic condition that can cause--among other debilitating effects--severe pain." In response, the State argues that Frank failed to present any evidence that she was under a specific threat of immediate harm on any of the particular occasions that she was cited with possession of marijuana and paraphernalia. We agree with the State.

We conclude that the trial court did not err in determining that Frank failed to show a specific threat of immediate harm necessitated her possession of marijuana and paraphernalia in these cases. Although Frank presented a substantial amount of information indicating that she

has a chronic medical condition and points to that information as prima facie evidence of element one of the necessity defense in all of her cases, Frank did not present any evidence that a specific threat of immediate harm necessitated her possession when she was cited as a passenger in the vehicle subject to a traffic stop or when she was engaging in political protests. In the first case, Frank did not point to any information below, and does not point to any information on appeal, to show that she was actually suffering from a medical condition that threatened immediate harm when she was a passenger in the vehicle which would justify her possession of marijuana. Likewise, in the second two cases (the protest cases), Frank did not provide any evidence to show that she was threatened with immediate harm while she was protesting on the Capitol steps.

Contrary to Frank's contention, the evidence Frank presented showed that Frank "smokes every morning to be able to handle the pain." The fact that Frank smokes in the morning does not show a necessity for her possession throughout the day, while she is a passenger in a vehicle, or while she engages in political protests. Frank did not present any evidence of her need to possess marijuana for consumption at a moment's notice in general. Nor did Frank provide evidence that she was under a specific threat and was required to possess marijuana at the time that she was cited for possession in these cases. As the magistrate court articulated, Idaho does not recognize a *medical* necessity defense and Frank is required to make the requisite showing in order to obtain a general necessity defense jury instruction. *See Hastings*, 118 Idaho at 855, 801 P.2d at 564. Frank's general contention that she "has a condition that *can* cause" (emphasis added) harm is not prima facie evidence that such harm was imminent when Frank was cited with possession in these cases.[2] Frank's medical evidence does not support element one of the necessity defense for any case.

---

[2]     Frank cites to *State v. Hastings*, 118 Idaho 854, 801 P.2d 563 (1990) and *State v. Meyer*, 161 Idaho 631, 389 P.3d 176, (2017) for the proposition that providing evidence of a chronic medical condition is prima facie evidence of a specific threat of immediate harm. We disagree. In *Hastings*, the defendant suffered from a chronic health condition and the Idaho Supreme Court directed the lower court to instruct the jury on the necessity defense. However, the Court did not discuss what evidence the defendant presented in support of his motion, let alone engage in an analysis of how the defendant satisfied the requirement to present prima facie evidence that his condition caused a specific threat of immediate harm. In *Meyer*, the Court concluded that a defendant with a chronic medical condition failed to meet the third element of the necessity defense. There the defendant did not argue, like Frank does, that proof of his chronic medical condition alone satisfies the requirement to present prima facie evidence of the first element.

6

Moreover, in regard to the protest cases, and as the district court concluded, the record belies Frank's contention that she needed to possess marijuana because she was suffering from a medical condition that threatened immediate harm when she was speaking about marijuana laws on the Capitol steps. Rather, the evidence and her briefing indicate that on those particular occasions, Frank used the marijuana as a prop to display her disagreement with Idaho's marijuana laws.[3] Frank's possession of marijuana during the protest cases was a planned act to smoke marijuana on the Capitol steps at 4:20 p.m., a time well-recognized for marijuana consumption. Frank advertised and organized the events in an effort to intentionally violate the laws against such prohibitions. Frank conceded as much at trial, and she concedes as much on appeal. Frank cannot admittedly plan to use and then execute her plan to use marijuana as a prop

Rather, the Supreme Court concluded that the trial court made an improper determination on the first element because it required Meyer to show a particular degree of harm. Nonetheless, the Court turned its analysis to the third element and concluded that, regardless of the district court's error, Meyer failed to meet element three. As illustrated, Frank's contention was not at issue in those appeals. Thus, the issue presented before this Court relative to the first necessity element is distinguishable from both *Hastings* and *Meyer*.

[3]    In addition to her claim of necessity because of her medical need, Frank argues that her need to politically protest may be an additional standalone basis for the court to instruct the jury on a necessity defense. Frank contends that, regardless if the district court is correct that she was using marijuana solely for the purpose of protesting, she was directly harmed by the laws being protested and is entitled to a necessity defense on that basis. In support of her argument, Frank cites to the following language from the *Hastings* decision: "The common law defense of necessity was also allowed in *State v. McCann*, 149 Vt. 147, 541 A.2d 75 (1987) where the defendants were engaged in a political protest and charged with disorderly conduct." *Hastings*, 118 Idaho at 855, 801 P.2d at 564. First, the excerpt from *Hastings* does not stand for the proposition that an individual can use an illegal substance as a prop to protest Idaho law and be entitled to assert a necessity defense at trial on a charge for possessing that substance. Second, Frank did not need to possess marijuana or paraphernalia in order to protest the laws prohibiting such possession. Third, Frank did not argue below that she was seeking the necessity defense because of her need to protest. To the contrary, Frank's only argument in support of her motion in limine and her motion for reconsideration requesting a jury instruction on the necessity defense was that her illegal conduct was necessary because of her medical condition. It was the State that argued, contrary to Frank's assertion that she needed to possess the marijuana for medical purposes, that Frank possessed the marijuana and paraphernalia solely to protest the laws. Regardless, Frank never requested a political necessity instruction on the basis of her need to protest and she has not preserved any such argument for appeal. *See State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992) (concluding that issues not raised below may not be considered for the first time on appeal).

during a demonstration aimed at combatting marijuana laws and later allege that she was compelled to possess such drug during the protest because she was under a specific threat of immediate harm caused by a chronic medical condition. The evidence indicating that Frank engaged in this pre-planned act surely does not demonstrate a medical need. Frank's possession of marijuana during the protest cases was for the purpose of protesting. There was no evidence of Frank's need to possess the drug for a medical reason. As discussed above, Frank's medical evidence did not show that Frank was under a specific threat of immediate harm when she was cited with possession in these cases, and the record belies Frank's claim that she was under any threat of harm when she possessed marijuana in the protest cases. Accordingly, we conclude that the magistrate court did not err in determining that Frank failed to present prima facie evidence of the first element of a necessity defense, and the district court did not err in affirming that decision.

**B.      Circumstances Brought About By Defendant**

The second element of a necessity defense requires a showing that the circumstances which necessitated the illegal act must not have been brought about by the defendant. As indicated herein, the district court concluded that, in regard to the protest cases, Frank failed to present prima facie evidence of element two. The court stated,

> For these counts, "the circumstances which necessitated the illegal act" were "brought about by the defendant," who was the organizer of the protests and who said she was going to openly smoke marijuana, as part of that protest. There was no evidence presented before or at trial that the appellant needed or intended to smoke marijuana at these events for pain management.

We agree. As articulated in detail above, Frank organized the protests on the Capitol steps and then proceeded to use marijuana as a prop to display her disagreement with Idaho's marijuana laws. In both of those cases, Frank brought about the circumstances, i.e., the protests which necessitated her possession of marijuana and paraphernalia. Accordingly, we conclude that Frank failed to present prima facie evidence to establish element two of a necessity defense.

**C.      Less Offensive Alternative Available**

The third element of a necessity defense requires a showing that the same objective could not have been accomplished by a less offensive alternative available to the actor. In this case, although the magistrate court stated that Frank presented prima facie evidence of this element, it also recognized that there were other available alternatives when it stated in its analysis of the first element that "the medical report identifies cannabis as the best available approach to

[Frank's] treatment, but not the only one." After reviewing the same evidence, the district court concluded that Frank failed to present prima facie evidence to show the same objective could not have been accomplished by a less offensive alternative available to Frank. The district court stated that the evidence shows "that the appellant prefers to use marijuana for the treatment of pain" and "that she declined pain management options legal in Idaho for her condition, including pain management options recommended by a physician pain specialist."

On appeal, Frank argues that "the mere abstract existence of legal treatments for a particular condition does not preclude her from being able to present her theory of the defense to a jury for their resolution." In response, the State argues that Frank failed to provide prima facie evidence to establish the third element because Frank's evidence showed that she had numerous alternatives available to alleviate her medical symptoms but Frank chose not to use them. We agree with the State.

Frank failed to present prima facie evidence to support the third element of a necessity defense. In this case, Frank argued that her objective for possessing marijuana was to alleviate the pain caused by her medical condition. Frank contended that marijuana was the only means by which she was able to achieve her objective. However, Frank did not provide any evidence to support her argument that she had no other available alternatives. To the contrary, Frank's evidence showed that she had other less offensive legal alternatives available to alleviate her pain, but she preferred to smoke marijuana. For example, in Dr. Aggarwal's questionnaire, which was submitted by Frank in support of her motions, Dr. Aggarwal stated that the following are current treatments for Frank's condition:

> bladder distention (which is used in diagnosis as well), administration of pharmaceutical compositions by bladder instillation, oral administration of pharmaceuticals, transcutaneous electrical nerve stimulation and injections of botulinum toxin, and in rare cases, surgery. Education and emotional support is a mainstay in treatment. Compounds that are given by bladder instillation include periodic DMSO (dimethyl sulfoxide) administration and others. Oral medications include pentosan polysulfate sodium [Elmiron], antihistamines, tricyclic antidepressants such as amitriptyline, ibuprofen, and aspirin. Complementary therapies utilized include acupuncture, hypnosis, and pelvic floor massage.

In addition, the evidence indicated that dietary changes and physical therapy would help alleviate the pain associated with Frank's condition. As illustrated above, Frank had legal alternatives to treat her condition.

9

The evidence that Frank provided also illustrates that Frank tried some of the alternatives to no avail, stopped using some alternatives that were alleviating her pain, and did not try other available alternatives. Frank explained that she (1) stopped taking Elmiron because it made her "noticeably antisocial"; (2) stopped taking DMSO because she was "worried about catheters and all of the drugs that you put in the bladder and the side effects of that"; (3) stopped taking antihistamines and anti-inflammatory medication because they made her too tired; (4) stopped daily catheter treatments because she was concerned with what her body would do; (5) stopped dietary changes and physical therapy because "the stress and pain of figuring out what is okay to eat is worse than eating what [she] want[ed] and just smoking for the pain"; (6) was kicked out of physical therapy because she "had too many cancellations from bad days where [she] couldn't get into the car to go to the appointment because [she] didn't have medicine"; and (7) quit a pain management skills program because "they just wanted to give [her] opiates including a morphine implant" and then she "was kicked out because [she] admitted to using only Cannabis [] and wouldn't accept anything else."

In *Meyer*, the Idaho Supreme Court reviewed a case in which the defendant brought marijuana into Idaho to avoid pain caused by his medical condition. The Court stated:

> Meyer did present some evidence suggesting that he had tried other medications which had not been as effective and had had negative side effects that led him to "prefer" marijuana. However, Meyer did not present evidence that there was no legal method by which he could manage his pain . . . . Without a prima facie showing that Meyer did not have any legal alternative to manage his pain . . . including through the procurement of medications which are legal in the State of Idaho, Meyer cannot show that the district court erred in refusing to instruct the jury as to necessity.

*Meyer*, 161 Idaho at 635-36, 389 P.3d at 180-81. Like the defendant in *Meyer*, Frank presented evidence suggesting that she preferred marijuana over other alternatives. However, without a prima facie showing that Frank did not have any legal alternative to manage her pain, including through the procurement of medications which are legal in the state of Idaho, Frank cannot show that the trial court erred in refusing to instruct the jury as to necessity. Accordingly, we conclude that the magistrate court correctly found that Frank failed to make a prima facie showing of the third element of the necessity defense, and the district court correctly affirmed that defense.

10

## IV.

## CONCLUSION

The district court's decision affirming the magistrate court's refusal to instruct the jury on the defense of necessity is affirmed. Accordingly, Frank's judgments of conviction and sentences for possession of marijuana and possession of paraphernalia are affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.