**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47801**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: July 20, 2021** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| DAVID RAY CRUSE, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick Miller, District Judge.

Judgment of conviction and sentence, <u>affirmed</u>; order denying Idaho Criminal Rule 35 motion for reduction of sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant. Sally J. Cooley argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

HUSKEY, Chief Judge

David Ray Cruse appeals from his judgment of conviction and sentence for misdemeanor domestic battery, Idaho Code § 18-918(3)(b), and felony domestic battery (prior felony within fifteen years), I.C. §§ 18-918(5), -903(a), with a persistent violator sentencing enhancement, I.C. § 19-2514. Cruse argues the district court erred by denying his requested necessity instruction. Cruse also asserts the State committed prosecutorial misconduct during closing argument and that the alleged misconduct, coupled with the district court's denial of the requested jury instruction, amounts to cumulative error. Finally, Cruse argues the district court abused its discretion in imposing sentence and denying Cruse's Idaho Criminal Rule 35 motion. For the reasons set forth below, we affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Cruse was charged with attempted strangulation and felony domestic battery, with a persistent violator enhancement. Cruse entered not guilty pleas and proceeded to trial. Prior to trial, Cruse submitted proposed jury instructions, which included a request for an instruction on the necessity defense, self-defense, and defense of property.

At trial, Cruse's former girlfriend, Danyelle Hume, testified that one evening, she and Cruse got into an argument at their home. Hume testified that as the argument continued, Cruse put his hands on her throat and applied pressure, making it difficult for her to breathe. This behavior resulted in the charge of attempted strangulation, alleged as Count I in the information.[1] When Cruse let go, Hume ran out the back door into a common area of their townhome complex. Hume testified that Cruse followed her, picked her up, threw her over his shoulder, and carried her back to their home. Hume attempted to kick and hit Cruse while he carried her to the house. It was these actions that gave rise to the felony domestic battery charge, as alleged in Count II of the information.

At the jury instruction conference, the State objected to Cruse's requested general necessity instruction, arguing that the evidence did not support giving the general necessity instruction. Regarding the domestic battery charge, the district court agreed to instruct the jury on the affirmative defenses of self-defense and defense of property, but declined to give the general necessity instruction because the other instructions provided to the jury sufficiently covered the defense Cruse planned to argue.

During closing argument, the prosecutor argued that Cruse "admitted Count II on cross-examination." Cruse objected on the grounds that Cruse did not admit to Count II, domestic battery, because although he admitted touching Hume, he did not admit that the touching was unlawful. The district court overruled the objection and, ultimately, the jury acquitted Cruse of attempted strangulation, but found him guilty of the lesser-included misdemeanor battery, and found him guilty of felony domestic battery. Cruse pleaded guilty to the persistent violator sentencing enhancement. For felony domestic battery, the district court imposed a unified term of

---

[1]     On appeal, Cruse does not challenge any of the instructions, or lack thereof, as they apply to the attempted strangulation charge in Count I. Thus, the opinion only addresses Count II--the felony domestic battery charge.

incarceration of twenty years, with ten years determinate. For misdemeanor battery, the district court sentenced Cruse to 228 days jail time, with credit for time served, to run concurrently. Cruse subsequently filed a Rule 35 motion seeking a reduction in sentence, which the district court denied. Cruse timely appealed.

## II.

## STANDARD OF REVIEW

Whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

Although our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, the prosecutor is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.* When there has been a contemporaneous objection, we determine factually if there was prosecutorial misconduct and if there was, then determine whether the error was harmless. *Id.*; *State v. Phillips*, 144 Idaho 82, 88, 156 P.3d 583, 589 (Ct. App. 2007). Where a criminal defendant shows a reversible error based on a contemporaneously objected-to constitutional violation, the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt that the constitutional violation did not contribute to the jury's verdict. *State v. Johnson*, 163 Idaho 412, 421, 414 P.3d 234, 243 (2018). A conviction will not be set aside for small errors or defects that have little, if any, likelihood of having changed the results of the trial. *State v. Baker*, 161 Idaho 289, 299, 385 P.3d 467, 477 (Ct. App. 2016).

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).

3

## ANALYSIS

**A.      The District Court Did Not Err by Denying Cruse's Requested Necessity Instruction**

Cruse requested the district court instruct the jury on several affirmative defenses, generally categorized as justification defenses. Specifically, Cruse requested an instruction on self-defense, defense of property, mistake or accident, and a general necessity instruction. The district court instructed the jury on the justification defenses of self-defense, defense of property, and mistake or accident, but declined to instruct on the general necessity justification. Cruse argues the district court erred when it denied his requested general necessity instruction because the facts warranted giving the instruction and because the other instructions did not adequately cover Cruse's general necessity defenses. In response, the State asserts the district court correctly found that the other given instructions sufficiently covered Cruse's general necessity defenses and that Cruse has failed to show any theory by which the jury could have rejected the specific necessity instructions given (self-defense and defense of property) but accepted his general necessity defense.

A trial court presiding over a criminal case must instruct the jury on all matters of law necessary for the jury's information. I.C. § 19-2132. In other words, a trial court must deliver instructions on the rules of law that are "material to the determination of the defendant's guilt or innocence." *State v. Mack*, 132 Idaho 480, 483, 974 P.2d 1109, 1112 (Ct. App. 1999). This necessarily includes instructions on the "nature and elements of the crime charged and the essential legal principles applicable to the evidence that has been admitted." *State v. Gain*, 140 Idaho 170, 172, 90 P.3d 920, 922 (Ct. App. 2004). Each party is entitled to request the delivery of specific instructions. However, such instructions will only be given if they are "correct and pertinent." I.C. § 19-2132. A proposed instruction is not correct and pertinent if it is: (1) an erroneous statement of the law; (2) adequately covered by other instructions; or (3) not supported by the facts of the case. *State v. Meyer*, 161 Idaho 631, 634, 389 P.3d 176, 179 (2017). If the requested instruction is not supported by the evidence, the court must reject the requested instruction. *State v. Frank*, 168 Idaho 248, 251, 482 P.3d 1105, 1108 (Ct. App. 2020).

Cruse requested jury instructions for the specific affirmative defenses of self-defense, defense of property, mistake or accident, and the more general affirmative defense of necessity. After considering the evidence presented by Cruse and the State, the district court concluded that Cruse's requested general necessity instruction was covered by the instructions on self-defense

4

and defense of property. The district court held that the general necessity instruction did not apply to Count I (attempted strangulation) because Cruse did not admit that he committed the offense, but his actions were justified; instead, Cruse argued he did not commit the offense. As to Count II (domestic battery), the court stated:

> I think those other three instructions [self-defense, use of force, and defense of property] cover that issue and give the defense plenty of room to argue about the defendant's argument that he was acting out of necessity or need with respect to the activity that was occurring outside as to the contact--the contact he admits occurred.

Cruse asserts the district court erred when it rejected the general necessity instruction because the instructions on mistake or accident, self-defense, and defense of property included elements for which Cruse did not provide testimony. Cruse argues the general necessity instruction should have been given in addition to the other instructions because the more general necessity instruction better reflected Cruse's argued defense. We disagree.

At trial, Cruse testified that when Hume left the house and went to the common area, she had a key fob for his car in her hand and that "My first thought to myself was she's going to wreck that car, and she is going to get in trouble and get a DUI." When asked what his "only purpose was at the time [he] escorted [Hume] back in the house," Cruse stated: "I didn't want her to get hurt. I didn't want the vehicle to get wrecked. I didn't want to lose my job."

At the jury instruction conference, Cruse's counsel argued:

> And [Cruse], if he did commit any battery, which we would argue he didn't, was justified by the fact he was stopping her from driving drunk and potentially destroying the vehicle which also implicated his livelihood.

During his closing argument, Cruse's counsel argued:

> Intent is important here. When you do the touching at the time, it has to be for the intent of the crime charged. This wasn't. His intent at that time was to get her from screaming and yelling out in the common area, to make sure she didn't drive with the key fob that she had in her hand, and to make sure she didn't wreck the car that he was responsible for.
> . . . any touching [he] did was to protect himself.

Counsel reiterated these defenses:

> David testified that the reason he went out there and the reason he herded her back into the house was, he didn't want her driving, he didn't want her driving drunk, and he didn't want her destroying his car. And that was his car because it was from his car lot.
> So this Jury Instruction No. 24 [defense of property] is applicable.

5

Taking Cruse's testimony and his counsel's argument together, all of Cruse's asserted justifications were inextricably tied to Hume driving the car and the potential damage to the car or the consequences that might befall Hume. The district court provided the jury with Idaho Criminal Jury Instruction 1522, which provides:

> When conditions are present which under the law justify a person in using force in defense of property in the person's lawful possession, that person may use such degree and extent of force as would appear to be reasonably necessary to prevent the threatened injury. Reasonableness is to be judged from the viewpoint of a reasonable person placed in the same position and seeing and knowing what the defendant then saw and knew. Any use of force beyond that limit is unjustified.

The instruction addressed any concerns about physical damage to the car itself, obviating the need for the more general necessity instruction. This Court does not view the concerns that Hume might injure someone else, sustain an injury herself, or be subjected to legal consequences, as justifications separate from driving the car and, thus, they are similarly covered by the defense of property instruction. The jury's rejection of the defense of property claim is a rejection of all of Cruse's asserted justifications for the battery, all of which are tied to preventing Hume from driving the car. To the extent they are separate arguments, Hume has provided no authority that Cruse could legally commit a battery to "protect" Hume from the consequences of her own illegal behavior and, thus, we need not consider the argument. Reviewing the testimony and argument before the district court and the language of defense of property instruction, the defense of property instruction sufficiently addressed Cruse's asserted justification that he acted to prevent Hume from driving his car and any consequences that flowed from that behavior. The district court correctly concluded that the defense of property instruction adequately covered Cruse's argued defense and that an additional instruction on the general necessity defense was unnecessary.[2]

---

[2]    Even if Cruse's asserted justifications that he acted out of fear that Hume could be physically harmed or charged with a DUI were not covered by the defense of property instruction, no reasonable view of the evidence supported giving a general necessity instruction. The general necessity defense contains four elements: (1) a specific threat of immediate harm; (2) the circumstances which necessitate the illegal act must not have been brought about by the defendant; (3) the same objective could not have been accomplished by a less offensive alternative available to the actor; and (4) the harm caused was not disproportionate to the harm avoided. *State v. Hastings*, 118 Idaho 854, 855, 801 P.2d 563, 564 (1990). Cruse failed to provide evidence of a specific threat of *immediate* harm. Cruse's argument that he feared Hume *might* drive while intoxicated and crash his car, *potentially* resulting in harm to Hume or her getting charged with DUI, is not immediate. "The necessity defense is limited to prevention of harm that is reasonably perceived as an immediate danger. It may not be used to justify illegal acts taken to foreclose

6

Cruse argues that the defense of property instruction may have created "a question in the jurors' minds as to whether Mr. Cruse was in 'lawful possession' of the car." Because Cruse requested the defense of property instruction, he cannot now claim it was error to give the instruction. *See State v. Blake*, 133 Idaho 237, 240, 985 P.2d 117, 120 (1999). Moreover, Cruse's speculative concern that the jury "may" have been concerned about ownership of the car is not supported by the record. Cruse testified that he was in lawful possession of the car, and the State did not dispute this. If there was any remaining confusion amongst the jurors regarding Cruse's lawful possession of the car, Cruse clarified during closing argument that although the car was owned by the company Cruse worked for, it "was his car because it was from his car lot." The defense of property instruction adequately covered Cruse's argued defense and, thus, the district court did not err in refusing to instruct the jury on the general necessity defense.

B. **Cruse Failed to Establish Prosecutorial Misconduct**

Cruse argues the State committed prosecutorial misconduct during closing argument when the prosecutor argued that Cruse admitted to Count II. In response, the State asserts the prosecutor's argument was proper because Cruse factually and legally admitted that he committed the charged domestic battery.

Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007). Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence. *Id*.; *State v. Reynolds*, 120 Idaho 445, 450, 816 P.2d 1002, 1007 (Ct. App. 1991). Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn

---

speculative, debatable or long-term risks. A mere possibility of harm that may occur sometime in the future is insufficient." *State v. Chisholm*, 126 Idaho 319, 322, 882 P.2d 974, 977 (Ct. App. 1994). Even if Cruse had established a specific threat of immediate harm, no reasonable view of the evidence supports any of the other elements. As to the second element, Cruse may have brought about Hume's efforts to leave the residence as a result of the battery committed inside the house. Cruse cannot establish the third element of the general necessity instruction, because Cruse failed to demonstrate there was no other alternative to address Cruse's concerns. For example, a less offensive method for Cruse to deal with the situation would have been to call law enforcement. Finally, no reasonable view of the evidence would support finding that the battery Cruse committed against Hume was not disproportionate to the harm avoided because there was no specific threat of immediate harm.

therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003); *Phillips*, 144 Idaho at 86, 156 P.3d at 587.

During closing argument, the prosecutor told the jury: "[Cruse] also admitted Count II on cross-examination." Cruse objected: "Judge, the defendant didn't admit to Count II on domestic battery on cross-examination. This is an improper argument not in evidence." The district court responded: "the argument would be that he admitted facts which the prosecution contends results in the admission. He didn't specifically admit it, so the defense--the State is certainly entitled to argue what facts they think he admitted." On appeal, Cruse acknowledges that he admitted to "corralling" Hume or picking her up and carrying her, but contends that the prosecutor's comments mischaracterized the nature of Cruse's testimony because Cruse never admitted to "unlawfully" grabbing Hume.

In order to prove Cruse committed domestic battery, the State was required to prove that Cruse committed a battery upon Hume by pushing and/or grabbing her while they were household members. The jury was instructed:

A "battery" is committed when a person:
(1) willfully and unlawfully uses force or violence upon the person of another; or
(2) actually, intentionally and unlawfully touches or strikes another person against the will of the other; or
(3) unlawfully and intentionally causes bodily harm to an individual.

As to the circumstances in the common area, Cruse explained: "I went to go catch her. I stopped. I put my hands on her waist" and "I picked her up and I carried her about ten feet back to the house, and I put her right on the grass."

Cruse admitted to grabbing Hume and carrying her while they were living in the same home. Although Cruse maintained that his actions were justified, the State's theory of the case was that Cruse's conduct was not justified and was thus, unlawful. Understood in context, the prosecutor's argument was that based on Cruse's own testimony, Cruse admitted to the conduct constituting the crime of domestic battery and that he had failed to establish a justification for his conduct. Given the considerable latitude afforded to both sides in closing argument, the district court did not err in overruling Cruse's objection to the prosecutor's closing argument.

## C. Cumulative Error

Cruse contends that the alleged errors combined amount to cumulative error. However, because we have found no error, we need not address this argument, as a necessary predicate to

the application of the cumulative error doctrine is a finding of more than one error. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012).

**D.**     **Cruse Did Not Establish That the District Court Abused Its Discretion in Imposing Sentence and Denying His Rule 35 Motion**

Cruse argues the district court imposed an excessive sentence by sentencing him to a unified term of incarceration of twenty years, with ten years determinate. Cruse also argues the district court abused its discretion in not granting his Rule 35 motion for reduction of sentence. The State argues that application of the relevant law and review of the record show no abuse of discretion.

**1.**     **The district court did not abuse its discretion in sentencing Cruse**

An appellate review of a sentence is based on an abuse of discretion standard. *Burdett*, 134 Idaho at 276, 1 P.3d at 304. Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *Brown*, 121 Idaho at 393, 825 P.2d at 490. A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Cruse argues the district court abused its discretion by failing to properly consider the mitigating factors. In support, Cruse identifies multiple mitigating factors he contends warrant a lesser sentence. First, Cruse notes that the initial charge in this case was misdemeanor domestic battery, which was later enhanced to a felony due to his prior felony domestic violence conviction. Next, Cruse notes his difficult childhood and his struggles with alcohol addiction. Finally, Cruse notes his expression of remorse and acceptance of responsibility, as well as his familial support for his rehabilitation.

9

Having reviewed the record in this case, we conclude the district court did not abuse its discretion in sentencing Cruse. The district court properly considered the correct legal standards including the protection of society, deterrence, and rehabilitation. While imposing sentence, the district court stated that it spent considerable time reviewing the presentence investigation reports from Cruse's prior convictions and found that the sentence was necessary in light of Cruse's conduct in the present case and his prior criminal history. Thus, we hold the district court did not abuse its discretion in sentencing Cruse.

**2.      The district court did not abuse its discretion by denying Cruse's Rule 35 motion**

A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *Knighton*, 143 Idaho at 319, 144 P.3d at 24; *Allbee*, 115 Idaho at 846, 771 P.2d at 67. In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

In his Rule 35 motion, Cruse asserted a reduction in sentence was appropriate given his remorse, progress towards sobriety, employment, and community service prior to sentencing. Cruse supported his Rule 35 motion with letters from family, friends, and a former employer. The district court reviewed the record presented at the time of sentencing and the letters of support submitted with the Rule 35 motion and concluded there was no basis for leniency considering the facts of the case and Cruse's history. We agree. Nothing in Cruse's Rule 35 motion or supporting documentation addressed the district court's primary concern in imposing sentence--the need to protect society. For the same reasons discussed above to conclude that the district court did not abuse its discretion in sentencing Cruse, we conclude that the district court did not abuse its discretion by denying his Rule 35 motion.

## IV.

## CONCLUSION

The district court did not err when it denied Cruse's requested necessity instruction, and Cruse has failed to established prosecutorial misconduct. Therefore, Cruse did not establish cumulative error. Similarly, Cruse did not establish that the district court abused its discretion in

10

imposing sentence and denying Cruse's Rule 35 motion. Accordingly, we affirm Cruse's judgment of conviction and sentence for misdemeanor domestic battery and felony domestic battery, with a persistent violator enhancement, as well as the district court's denial of Cruse's Rule 35 motion.

Judge GRATTON and Judge LORELLO **CONCUR**.